UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELINDA GAETA,<br><br>          Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>          Defendant. | Case No. EDCV 15-00935-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On May 12, 2015, Celinda Gaeta ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on October 2, 2015. On December 17, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 49-year-old female who applied for Social Security Disability Insurance benefits on September 29, 2010, and for Supplemental Security Income benefits on September 30, 2010, alleging disability beginning October 24, 2009.  (AR 15.)  The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 24, 2009, the alleged onset date.  (AR 17.)

Plaintiff's claims were denied initially on May 19, 2011, and on reconsideration on February 19, 2013.  (AR 15.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Duane D. Young on May 5, 2014, in Palm Springs, California. (AR 15.)  Plaintiff appeared and testified at the hearing and was represented by counsel.  (AR 15.)  Vocational expert ("VE") Corinne J. Porter also appeared and testified at the hearing.  (AR 15.)

The ALJ issued an unfavorable decision on September 26, 2014.  (AR 15-32.)  The Appeals Council denied review on March 19, 2015.  (AR 7-10.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1.      Whether the ALJ properly evaluated the opinions of the treating physician.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

1  reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at

2  401 (internal quotation marks and citation omitted).

3      This Court must review the record as a whole and consider adverse as well as

4  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where

5  evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

6  upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

7  "However, a reviewing court must consider the entire record as a whole and may not affirm

8  simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882

9  (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

10  F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

12      The Social Security Act defines disability as the "inability to engage in any substantial

13  gainful activity by reason of any medically determinable physical or mental impairment which

14  can be expected to result in death or . . . can be expected to last for a continuous period of not

15  less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has

16  established a five-step sequential process to determine whether a claimant is disabled. 20

17  C.F.R. §§ 404.1520, 416.920.

18      The first step is to determine whether the claimant is presently engaging in substantial

19  gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

20  in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137,

21  140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or

22  combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not

23  significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must

24  determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R.

25  Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

26  meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen,

27  482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the

28  claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 24, 2009, the alleged onset date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: history of lumbar fusion surgery at the L5-S1 level, history of spinal fusion surgery at the T12-L1 level, thoracic spine disc extrusions at the T8-9 to T10-11 levels, central canal stenosis at the T11-12 and T12-L1 levels, morbid obesity, and depressive disorder. (AR 17-18.)

1   At step three, the ALJ determined that Plaintiff does not have an impairment or

2   combination of impairments that meets or medically equals the severity of one of the listed

3   impairments.  (AR 18-19.)

4   The ALJ then found that Plaintiff has the RFC to perform sedentary work, as defined in

5   20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following limitations:

6           Claimant can no more than occasionally stoop, kneel, crouch, crawl,

7           balance, or climb ramps and stairs; Claimant is precluded from performing

8           complex and detailed work; Claimant must avoid walking on uneven terrain

9           and climbing ladders, ropes and scaffolds; Claimant has a sit/stand option at

10          will.

11  (AR 19-30.)  In determining the above RFC, the ALJ made an adverse credibility determination,

12  which Plaintiff does not challenge here.  (AR 21.)

13  At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a

14  front desk clerk and front office manager.  (AR 30.)  The ALJ, however, also found that,

15  considering Claimant's age, education, work experience, and RFC, there are jobs that exist in

16  significant numbers in the national economy that Claimant can perform, including the jobs of

17  tube operator/mail sorter, charge account clerk, and surveillance system monitor.  (AR 31-32.)

18  Consequently, the ALJ found that Claimant was not disabled, within the meaning of the

19  Social Security Act.  (AR 32.)

20                                          **DISCUSSION**

21  The ALJ decision must be affirmed.  The ALJ properly considered the medical evidence.

22  The ALJ's RFC is supported by substantial evidence.

23  **I.      THE ALJ PROPERLY DISCOUNTED THE OPINION OF DR. LAI**

24  Plaintiff contends that the ALJ erred in discounting the opinion of Plaintiff's treating

25  physician, Dr. Albert Lai.  The Court disagrees.

26  **A.      Relevant Federal Law**

27  The ALJ's RFC is not a medical determination but an administrative finding or legal

28  decision reserved to the Commissioner based on consideration of all the relevant evidence,

1  including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20

2  C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence

3  in the record, including medical records, lay evidence, and the effects of symptoms, including

4  pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

5       In evaluating medical opinions, the case law and regulations distinguish among the

6  opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2)

7  those who examine but do not treat the claimant (examining physicians); and (3) those who

8  neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20

9  C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In

10  general, an ALJ must accord special weight to a treating physician's opinion because a treating

11  physician "is employed to cure and has a greater opportunity to know and observe the patient

12  as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If

13  a treating source's opinion on the issues of the nature and severity of a claimant's impairments

14  is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is

15  not inconsistent with other substantial evidence in the case record, the ALJ must give it

16  "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

17       Where a treating doctor's opinion is not contradicted by another doctor, it may be

18  rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the

19  treating physician's opinion is contradicted by another doctor, such as an examining physician,

20  the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons,

21  supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495

22  F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating

23  physician's opinion is contradicted by an examining professional's opinion, the Commissioner

24  may resolve the conflict by relying on the examining physician's opinion if the examining

25  physician's opinion is supported by different, independent clinical findings. See Andrews v.

26  Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an

27  uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing

28  reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's

1  opinion is contradicted by another physician's opinion, an ALJ must provide specific and

2  legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot

3  by itself constitute substantial evidence that justifies the rejection of the opinion of either an

4  examining physician or a treating physician"; such an opinion may serve as substantial

5  evidence only when it is consistent with and supported by other independent evidence in the

6  record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

7        **B.      Analysis**

8        Plaintiff Celinda Gaeta has significant medically determinable severe impairments.  She

9  has a history of lumbar fusion surgery, history of spinal fusion surgery, thoracic spine disc

10 extrusions, central canal stenosis, obesity, and depressive disorder.  (AR 17.)  Nonetheless,

11 the ALJ assessed a residual functional capacity of a reduced range of sedentary work that

12 would not preclude all work.  (AR 19.)

13       The ALJ gave little weight to Plaintiff's treating physician, Dr. Albert Lai.  (AR 28, 577-

14 676, 685-747, 780-783.)  Dr. Lai began treating Plaintiff in 2008 in connection with her workers'

15 compensation claim for physical impairments.  An assessment form dated March 14, 2014,

16 contains Dr. Lai's opinion that Ms. Gaeta could lift up to 10 pounds occasionally and less than

17 10 pounds frequently; stand/walk for up to 2 hours, sit 2-4 hours per workday, needs to shift

18 positions at will, would be off task 20% of the workday and would be absent from work 4 days a

19 month.  (AR 780-783.)  These limitations would preclude all work.

20       As a preliminary matter, the ALJ attributed the above March 14, 2014, assessment

21 solely to physician assistant Erin Blunck.  (AR 28.)  In fact, Dr. Lai indicated that the

22 assessment and the limitations expressed therein represent his medical opinions.  (AR 808.)

23 The ALJ's mistake, however, was harmless because the reasons given by the ALJ for

24 discounting the March 14, 2014, assessment apply as well to a treating physician as to a non-

25 medical source like Ms. Blunck.  The Court will not reverse an ALJ's decision when it is clear

26 that an error is inconsequential to the ultimate nondisability determination.  Tommasetti v.

27 Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

28

1    The ALJ, for example, specifically discounted the March 14, 2014, assessment because

2 "it is brief, conclusory, inadequately supported by clinical findings." (AR 28.) An ALJ "need not

3 accept the opinion of any physician, if that opinion is brief, conclusory, and inadequately

4 supported by clinical findings." Thomas, 278 F.3d at 957; see also Batson v. Comm'r, 359 F.3d

5 1190, 1195 and n.3 (9th Cir. 2004) (ALJ may reject a physician's opinion that is not supported

6 or contradicted by treatment notes). The limitations set forth in the March 14, 2014,

7 assessment are conclusory and unexplained, and unsupported or contradicted by Dr. Lai's own

8 treatment notes. Plaintiff argues that Dr. Lai's treatment notes support his March 14, 2014,

9 assessment, but the ALJ found that Dr. Lai's treatment notes did not provide specific functional

10 limitations that would preclude all work. (AR 28.) Plaintiff does not dispute this point or cite to

11 disabling limitation assessments in Dr. Lai's treatment notes. Dr. Lai's notes merely indicate

12 temporary restrictions such as not lifting more than 20 pounds for 4 weeks and completing work

13 by 5:00 p.m. (AR 662, 658, 655, 644, 648, 651.) These restrictions would not preclude all

14 work. The ALJ also observed that the workers' compensation criteria being applied by Dr. Lai

15 differ from those used to determine Social Security disability. (AR 28.) See Coria v. Heckler,

16 750 F.2d 245, 247 (3rd Cir. 1984) (under state law a claimant is disabled if unable to perform

17 prior work whereas a claimant for Social Security benefits is not disabled if he or she can do

18 alternate work in the national economy); Silva v. Colvin, 2013 WL 6859263, at *5 (C.D. Cal.

19 Dec. 30, 2013).

20    The ALJ also found that the March 14, 2014, opinion is inconsistent with the medical

21 evidence as a whole. (AR 28.) The ALJ specifically noted that Claimant had normal range of

22 motion of the cervical spine, the shoulder joints, elbow joints, wrist joints and hands, and of

23 hips, knees, ankles and feet, with a normal gait. (AR 28.) Elsewhere in the decision, the ALJ

24 documented similar findings of no acute distress, normal range of motion, normal gait, and

25 medication that reduced her pain. (AR 21-22.) Plaintiff argues that these findings were made

26 by a consulting physician who only examined her once but Dr. Lai made similar findings. (AR

27 669-70, 662, 652-655, 633-637, 639-40.) Dr. Lai repeatedly found Plaintiff to be in no apparent

28 distress, with normal gait and pain reduced by medication. Id. Impairments that can be

1  controlled effectively with medication are not disabling.  Warre v. Comm'r of Soc. Sec., 439

2  F.3d 1001, 1006 (9th Cir. 2006).  The ALJ also noted that Plaintiff's medical treatment was

3  "grossly conservative" (AR 22) and not the type of medical treatment one would expect for a

4  totally disabled individual.  (AR 21.)

5       The ALJ further found that Dr. Lai's April 24, 2011, opinion was "inconsistent with most

6  other objective medical opinions in the record."  (AR 28.)  The ALJ gave some weight to the

7  opinion of consulting examiner Dr. Solail Afra, an internist.  (AR 27, 547-552.)  Dr. Afra's

8  functional limitations are consistent with the medical records (AR 24-25, 27) and the ALJ's

9  RFC.  He found normal ranges of motion.  (AR 24-25, 27.)  The ALJ also gave some weight to

10 the February 22, 2014, opinion of consulting examiner, Dr. Richard Pollis, an orthopedist.  (AR

11 27-28, 762-771.)  Dr. Pollis assessed functional limitations consistent with the medical records

12 and the ALJ's RFC.  (AR 27.)  The ALJ also gave some weight to the opinions of State agency

13 reviewing physicians who assessed similar RFC limitations.  (AR 27, 540-546, 677-684.)  None

14 of these physicians opined that Plaintiff was precluded from all work.  The contradictory

15 opinions of other physicians provide specific, legitimate reasons for rejecting a physician's

16 opinion.  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Batson, 359 F.3d at 1195.

17      The ALJ discounted Plaintiff's credibility as to her subjective symptoms.  (AR 20-22.)

18 Plaintiff did not challenge the ALJ's adverse credibility finding.  Among the reasons given by the

19 ALJ for that finding are daily activities inconsistent with disability.  (AR 20-21, 30.)  Claimant

20 indicated she could prepare simple meals, perform some household chores, and assist with

21 caring for her children.  (AR 21.)  She reported she was able to go places alone and drive a

22 vehicle.  (AR 20.)  She goes shopping four times a month (AR 20) and attended church

23 services.  (AR 21.)  An ALJ may reject a physician's opinion that is contradicted by a claimant's

24 own admitted or observed abilities.  Bayliss, 427 F.3d at 1216.

25      Plaintiff disagrees with the ALJ's rejection of Dr. Lai's opinion, but it is the ALJ's

26 responsibility to resolve conflicts in the medical evidence.  Andrews, 53 F.3d at 1039.  Where

27 the ALJ's interpretation of the record is supported by substantial evidence, as it is here, it

28 should not be second-guessed.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

1   The ALJ rejected Dr. Lai's opinion, including the March 14, 2014, assessment for

2   specific, legitimate reasons supported by substantial evidence.  The ALJ's RFC is supported by

3   substantial evidence.

4   The ALJ's nondisability determination is supported by substantial evidence and free of

5   legal error.

6                                                   **ORDER**

7   IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

8   Commissioner of Social Security and dismissing this case with prejudice.

9

10   DATED: February 16, 2016                    */s/ John E. McDermott*
                                                     JOHN E. MCDERMOTT
11                                               UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28